## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BERNALILLO COUNTY SHERIFF'S DEPUTY,
HEATHER SCHRECKENDGUST,

    Plaintiff,

        v.	No. CIV 06-148 WPJ/LCS

BERNALILLO COUNTY SHERIFF DARREN WHITE,
in his individual, municipal, and supervisory capacities,
BERNALILLO COUNTY SHERIFF'S DEPUTY
LARRY HARLIN, in his individual and official
capacities, and BERNALILLO COUNTY SHERIFF'S
DEPUTY KEVIN SHELDHAL, in his individual and
official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR AWARD OF ATTORNEY'S FEES

THIS MATTER comes before the Court upon Defendants' Motion for Award of Attorneys' Fees and Costs, filed January 9, 2007 (**Doc. 21**). Having considered the parties' briefs and the applicable law, I find that Defendants' motion is not well-taken and will be denied.

### Background

Plaintiff Heather Schreckendgust is a law enforcement officer at Bernalillo County Sheriff's Department. In the underlying case, she sued the Defendants for compensation for injuries resulting from a canine bite sustained in the line of duty. Plaintiff alleged a Fourth Amendment excessive force claim, a Fourteenth Amendment claim, and § 1983 municipal and supervisory liability claims. Doc. 19. The Court granted Defendants' Motion to Dismiss,

dismissing with prejudice Plaintiff's federal claims and declining to exercise jurisdiction over the Plaintiff's remaining state law claims.

## Discussion

Defendants request an award of fees and costs in the amount of $1,885.00.

A.  Legal Standard

The Court is authorized to award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing party in a § 1983 action.  Under § 1983, the prevailing party in a civil rights case "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Roth v. Green, 466 F.3d 1179, 1194 (10th Cir. 2006) (quoting Newman v. Piggie Park Enterp., 390 U.S. 400, 402 (1968)).

In the situation where a prevailing defendant seeks an award of fees against plaintiff, the Tenth Circuit follows the standard set out in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).  A prevailing defendant recovers fees only when the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Houston v. Norton et al., 215 F.3d 1172, 1174 (10th Cir. 2000) (citing Christiansburg, 434 U.S. at 421).  The Christiansburg standard is a stringent one.  The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. Hughes v. Rowe, 449 U.S. 5 (1980).  The award of attorneys' fees and the amount to be awarded to a prevailing party pursuant to 42 U.S.C. § 1988 is within the sound discretion of the trial court. Houston, 215 F.3d at 1174.

In this case, the Defendants prevailed on Plaintiff's federal claims.  Regarding Plaintiff's Fourth Amendment excessive force claim, Defendants contend that Plaintiff should have been

2

aware of settled case law which states that seizure does not occur whenever there is a governmentally-caused termination of an individual's freedom of movement.  They contend that Plaintiff's "transferred intent" theory, argued by Plaintiff to get around that case law, was unreasonable and groundless.[1]  The Court characterized the theory as "unorthodox."  Doc. 19 at 8.  However, raising a novel theory does not qualify as "frivolous, unreasonable, or without foundation" under the Christiansburg standard.  The Court did not summarily dismiss Plaintiff's approach, nor is the theory made out of whole cloth.  The "transferred intent" doctrine is used in criminal law prosecutions, although I found it not applicable to § 1983 actions.

Nor does Plaintiff's voluntary dismissal of her Fourteenth Amendment claim constitute evidence that she realized her federal claims were groundless or without foundation.  In Houston, the Tenth Circuit noted that a plaintiff could be assessed his or her opponent's attorney's fees if the plaintiff continued to litigate after it became clear that the claims were frivolous, unreasonable or groundless.  215 F.3d at 1174 (citing Hughes, 449 U.S. at 14-16).  Here, Plaintiff did not continue to litigate that claim once it became clear that the danger creation theory under the Fourteenth Amendment applied to private parties, and not state actors.  Thus, Plaintiff's action in dismissing the Fourteenth Amendment claim actually runs counter to the standard necessary for the imposition of attorney's fees.

Plaintiff's municipal and supervisory claims were also not frivolous, unreasonable or without foundation.  The demise of these claims were the consequence of the dismissal of the other federal claims.

---

[1] Under the "transferred intent" theory, Plaintiff argued that a seizure occurred even though Defendants had intended to terminate the movements of a fleeing suspect instead of Plaintiff.

In sum, I find that Defendants have not shown that Plaintiff's federal claims meet the standard necessary in order to award Defendants attorney's fees against Plaintiff.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Costs, **(Doc. 21)** is hereby DENIED for reasons described above.

_____
UNITED STATES DISTRICT JUDGE